**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ISRAEL GOMEZ-ASTORGA, also
known as Raul Arturo Gaitan-
Dominguez,

    Defendant-Appellant.

No. 04-4278
(District of Utah)
(D.C. No. 1:03-CR-62-12-TC)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

Israel Gomez-Astorga pleaded guilty to a single count of possession with

intent to distribute at least 500 grams of a mixture of substance containing

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Gomez-

Astorga's sentencing took place after the Supreme Court decided *Blakely v.*

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Washington*, 542 U.S. 296 (2004), but before it decided *United States v. Booker*, 543 U.S. 220 (2005). Based on *Blakely*, Gomez-Astorga filed a motion asserting, in only the most general fashion, that the United States Sentencing Guidelines were unconstitutional. He further argued at sentencing that, based on *Blakely*, the government could not go forward with its proposed enhancement to Gomez-Astorga's base offense level based on his role in the offense, but was instead limited to the admissions set out in the plea agreement. The district court rejected Gomez-Astorga's assertion that the Guidelines were unconstitutional, but ultimately based his offense level solely on the amount of drugs Gomez-Astorga had admitted in his plea agreement. On appeal, Gomez-Astorga presents only the following narrow issue: basing a sentence on a mandatory Guidelines scheme is structural error necessitating correction in every case. He recognizes, however, because he did not raise this issue below, review in this court is limited to plain error. Fed. R. Crim. P. 52(b). He further recognizes that his claim is foreclosed by this court's en banc decision in *United States v. Gonzalez-Huerta*, 403 F.3d 727, 734 (10th Cir. 2005) (en banc) (holding that "non-constitutional *Booker* error is not structural error"). He merely seeks to preserve the issue for a petition for a

writ of certiorari to the Supreme Court. He has done so. The judgment of the United States District Court for the District of Utah is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge